UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

PANTOJA ZOSAYAS,

                              Plaintiff(s),

                    v.

LYONS ET AL.,

                              Defendant(s).

26-CV-3266 (DEH)

ORDER

DALE E. HO, United States District Judge:

On April 21, 2026, Petitioner Rosalio Pantoja Zosayas ("Petitioner" or "Mr. Pantoja Zosayas") filed this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, challenging his detention by Immigration and Customs Enforcement ("ICE"). *See* Pet. for Writ of Habeas Corpus ("Pet"), ECF No. 1. For the reasons stated herein, the Petition is **DENIED**.

Familiarity with the facts is presumed. As relevant, Petitioner is a native and citizen of Mexico, *id.* at ¶ 7; Mem. Law Opp'n ("Opp'n"), ECF No. 11, at 5, and first entered into the United States in 1999, Opp'n at 5. Petitioner was ordered removed in 2019, and the Bureau of Immigration Affairs ("BIA") dismissed Petitioner's appeal in 2022, rendering the order of removal final. *Id.* at 6. Petitioner was not detained at that time. *Id.* On April 21, 2026, Petitioner was arrested pursuant to an ICE arrest warrant (Form I-200), *id.*, and is currently detained pursuant to 8 U.S.C. § 1231(a)(6) because he is subject to a final order of removal, *id.* at 4.

Generally speaking, district courts lack jurisdiction to hear claims challenging the execution of a final order of removal. 8 U.S.C. § 1252(g) ("Section 1252(g)") provides that, "[n]ot withstanding any other provision of law," including "any . . . habeas corpus provision, . . . no court shall have jurisdiction to hear any cause or claim by or on behalf of any alien arising

from the decision of the Attorney General to commence pro"ceedings, adjudicate cases, or execute removal orders against any alien."[1]  The Supreme Court has emphasized that, by its terms, the statute narrowly "applies only to three discrete actions:" the Government's "'decision or action' to '*commence* proceedings, *adjudicate* cases, or *execute* removal orders.'"  *Reno v. American-Arab Anti-Discrimination Comm.*, 525 U.S. 471, 482, 486 (1999) (quoting 8 U.S.C. § 1252(g)) (emphasis in original).

Here, Mr. Pantoja Zosayas does not deny that he is subject to a final order of removal. *See generally* Reply, ECF No. 13.  Nor does he deny that the relief he seeks is with respect to the Government's effort to execute that final order of removal.  *See id.*  His request for relief therefore "falls squarely within one of the 'three discrete actions' to which Section 1252(g) applies; the execution of removal orders."  *Vidhja v. Whitaker*, No. 19 Civ. 613, 2019 WL 1090369, at *4 (S.D.N.Y. Mar. 6, 2019) (quoting *Reno*, 525 U.S. at 482).  Accordingly, the Court lacks jurisdiction to hear his claim.

For these reasons, Mr. Pantoja Zosayas's petition for a writ of habeas corpus is **DENIED**. The Court's initial order enjoining Petitioner's removal from the United States in order to

---

[1] "The Second Circuit has clearly stated that while § 1252 'strips jurisdiction over a substantive discretionary decision, [it] does not strip jurisdiction over procedural challenges.'" *Munoz Materano v. Arteta*, 25 Civ. 6137, 2025 WL 2630826, at *9-10 (S.D.N.Y. Sep. 12, 2025) (quoting *Mantena v. Johnson*, 809 F.3d 721, 728 (2d Cir. 2015) (finding that the court had jurisdiction to review petitioner's claim that respondent "erred procedurally" in revoking an employment visa petition on grounds that it "violated its own regulations by providing insufficient notice of revocation").  Federal courts can review "how [the respondents] exercise their discretion because such a claim does not ask why the Secretary chose to execute the removal order but rather whether the way [the respondents] acted accords with the Constitution and the laws of this country." *Torres-Jurado v. Biden*, 19 Civ. 3595, 2023 WL 7130898, at *2 (S.D.N.Y. Oct. 29, 2023) (citations omitted) (granting petitioner's motion for a stay of removal). Because Petitioner does not challenge the procedure by which Respondents executed his Order of Removal, this Court lacks jurisdiction.

2

preserve the Court's jurisdiction to review his Petition, ECF No. 3, is **VACATED**.  The Clerk of

Court is respectfully directed to terminate this case.

SO ORDERED.

Dated: May 1, 2026
       New York, New York

DALE E. HO
United States District Judge
